UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA MICHOACANA PLUS ICE CREAM PARLOR CORP, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WINDY CITY PALETAS, INC., a California corporation; ECUAMEX PALETAS, INC., a California corporation; SKY LIMIT ENTERPRISES II, INC., a Nevada corporation; KJAM PALETAS, INC., a California corporation; ARTURO MIRANDA, an individual; KAYLA RINCON, an individual; DIGMEY JARAMILLO, an individual; and DOES 1 through 50,<br><br>Defendants. | Case No.: 24-cv-00631-H-MMP<br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Doc. No. 32.] |

On April 15, 2024, Defendants Windy City Paletas ("Windy City"), Ecuamex Paletas, Inc., Sky Limit Enterprises II, Inc., KJAM Paletas, Inc., Arturo Miranda, Digmey Jaramillo, and Kayla Rincon filed a partial motion to dismiss Plaintiff La Michoacana Plus Ice Cream Parlor Corp ("LMP")'s complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim. (Doc. No. 32.) On May 6, 2024, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 33.) On June 3, 2024, Defendants filed a reply. (Doc. No. 36.) On June 3, 2024, the Court took the matter under submission (Doc. No. 35.) For the reasons below, the Court grants Defendants' partial motion to dismiss with leave to amend.

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. Plaintiff LMP is a producer and manufacturer of paletas – a frozen treat native to Mexico made by freezing fresh natural fruit and/or cream. (Doc. No. 6, FAC ¶¶ 1-2, 29.) Plaintiff owns nine registered United States trademarks and eight pending United States trademark applications, among others, associated with paletas, retail stores, and ice cream parlors, and Plaintiff manufactures and sells its goods under those trademarks. (Id. ¶¶ 26-37.)

In 2020, a multistate family enterprise comprised of the Defendants approached Plaintiff to license Plaintiff's trademarks and other intellectual property to brand their own paleta and ice cream storefronts. (Id. ¶¶ 3-4.) Eventually, on February 6, 2020, Plaintiff entered into two written licensing agreements with Defendant Windy City for the opening of two LMP branded locations: (1) a location in Oceanside, California; and (2) a location in Escondido, California. (Id. ¶¶ 5, 40, 47; see Doc. No. 6-18, Ex. 18; Doc. No. 6-20, Ex. 20.) Plaintiff alleges that under the terms of these licensing agreements, Defendant Windy City would maintain control of each location and determine the best means to operate each location, and, in exchange for a license to use Plaintiff's trademarks and intellectual property, Defendant Windy City would pay Plaintiff royalties and would also purchase LMP paletas from Plaintiff for sale at the stores. (Doc. No. 6, FAC ¶ 4.)

Plaintiff alleges that Defendant Windy City breached both licensing agreements by failing to pay certain royalty fees and invoices for Plaintiff's goods and services. (See id. ¶¶ 40-53.) In addition, Plaintiff alleges that following the establishment of the Oceanside and Escondido stores, starting in January 2021, Defendants engaged in knowing trademark

infringement by opening six additional stores and utilizing Plaintiff's trademarks, "know-hows," and intellectual property at those six stores without Plaintiff's written permission. (Id. ¶¶ 54, 57-81.) Plaintiff further alleges that once it discovered Defendants' infringement, Defendants "promised to rectify their infringement at the six additional stores by paying royalties for the previous infringed use, agreeing to pay royalties for the future use, agreeing to pay invoices for future delivery of paletas and products supplied to the stores, and agreeing to sign a licensing agreement for each of the six additional stores." (Id. ¶ 55.) Plaintiff alleges that despite these promises, Defendants never signed the additional licensing agreements, and Defendants failed to pay all outstanding royalty fees owed.[1] (Id. ¶ 56.) In addition, Plaintiff alleges that Defendants committed fraud when they opened these six unauthorized stores. (See id. ¶¶ 82-91.)

On February 22, 2023, Plaintiff filed a complaint against Defendants in the United States District Court for the District of Nevada. (Doc. No. 1, Compl.) On March 17, 2023, Plaintiff filed a first amended complaint – the operative complaint – against Defendants, alleging claims for: (1) infringement of federally registered trademarks and service marks, 15 U.S.C. § 1114; (2) false designation of origin, false description, and unfair competition under the Lanham Act § 43(a), 15 U.S.C. § 1125(a); (3) trademark dilution under th Lanham Act § 43(c), 15 U.S.C. § 1125(c); (4) infringement of federally pending trademark applications, 15 U.S.C. § 1125(a); (5) fraud under California law; (6) unfair competition under the Nevada Deceptive Trade Practices Act ("NDTPA"); and (7) unfair competition under California Business & Professions Code § 17200. (Doc. No. 6, FAC ¶¶ 92-143.)

On March 31, 2024, the Nevada district court granted Defendants' motion to transfer and transferred the action to the United States District Court for the Southern District of California. (Doc. Nos. 29, 30.) By the present motion, Defendants move pursuant to

---

[1]     Plaintiff alleges that for some of the stores, Defendants made a partial payment of $25,000 for the infringing use of Plaintiff's trademarks. (Doc. No. 6, FAC ¶¶ 57, 62, 66, 70.)

Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claim for fraud under California law for failure to state a claim. (Doc. No. 32-1 at 1.)

### Discussion

**I.  Legal Standards for a Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "'accept the factual allegations of the complaint as true and construe them in the light most favorable

to the plaintiff.'" Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. "Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

## II.  Analysis

In the first amended complaint, Plaintiff alleges a claim for fraud under California law against Defendants. (Doc. No. 6, FAC ¶¶ 125-31.) Defendants argue that Plaintiff's claim for fraud should be dismissed because the purported misrepresentations at issue are too vague and speculative to constitute actionable misrepresentations as a matter of law. (Doc. No. 32-1 at 4-5; Doc. No. 36 at 1.)

Under California law, the elements of a claim for fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) actual and justifiable reliance; and (5) resulting damage. Lazar v. Superior Ct., 12 Cal. 4th 631, 638 (1996); Aton Ctr., Inc. v. United Healthcare Ins. Co., 93 Cal. App. 5th 1214, 1245 (2023). "'Promissory fraud' is a subspecies of the action for fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud." Lazar, 12 Cal. 4th at 638. "A plaintiff asserting a promissory fraud claim must plead and prove that the defendant made a promise to him that it had no intention of performing." UMG Recordings, Inc. v. Glob.

Eagle Ent., Inc., 117 F. Supp. 3d 1092, 1109 (C.D. Cal. 2015); see Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 159 (1991). "[I]ntent not to perform cannot be proved simply by showing a subsequent failure to perform." UMG Recordings, 117 F. Supp. 3d at 1109 (citing Tenzer v. Superscope, Inc., 39 Cal. 3d 18, 30–31 (1985); Magpali v. Farmers Group, Inc., 48 Cal. App. 4th 471, 481 (1996)).

In addition, Federal Rule of Civil Procedure "9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiff asserts that the first amended complaint alleges the following two separate theories of fraud against the Defendants:

> (1) Defendants defrauded Plaintiff when they entered into licensing agreements for the Oceanside and Escondido stores on February 6, 2020 knowing that they had no intention of carrying through on the promises within those agreements; and
>
> (2) Defendants defrauded Plaintiff when Defendants verbally agreed to enter into licensing agreements for six additional stores after Plaintiff discovered that Defendants operated six additional stores using Plaintiff's intellectual properties without Plaintiff's permission. These false promises were made to delay enforcement by Plaintiffs against Defendants' intellectual property infringements.

(Doc. No. 33 at 2.) Both of these purported theories of promissory fraud fail to adequately state a claim for fraud under California law and Rule 9(b).

Plaintiff's first theory of fraud is based on the following allegations: "The Jaramillo Defendants committed fraud on LMP by entering into license agreements for only two locations in California with the full knowledge that they intended to open a total of 8 locations in Nevada and California." (Doc. No. 6, FAC ¶ 82; see also Doc. No. 6, FAC ¶¶ 5, 83-86; Doc. No. 33 at 2, 5-7.) In order for this particular theory of fraud to be actionable, there would need to be a specific representation by Defendants at or around the time that Windy City entered into the two licensing agreements stating that Defendants would not open any additional locations other than two locations specified in the licensing agreements. But the allegations in the first amended complaint fail to identify any specific representation by any of the Defendants in the licensing agreements or elsewhere stating that Defendants would not open any additional locations other than the Oceanside and Escondido locations in the future. (See generally Doc. No. 6, FAC.) As such, for its first theory of fraud, Plaintiff has failed to adequately allege the misrepresentation element of its claim for fraud.

Plaintiff's first theory of fraud is also defective because the first amended complaint fails to contain sufficient factual allegations to support Plaintiff's contention that Defendants intended to open the additional locations at the time Defendant Windy City entered into the two licensing agreements at issue. "A plaintiff asserting a promissory fraud claim must plead and prove that the defendant made a promise to him that it had no intention of performing." UMG, 117 F. Supp. 3d at 1109. "[A]lthough intent may be alleged generally, a plaintiff must allege facts to demonstrate that the defendant harbored an intention not to be bound by terms of the contract." Aton Ctr., Inc. v. Premera Blue Cross, No. 3:20-CV-00501-WQH-BGS, 2021 WL 615048, at *9 (S.D. Cal. Feb. 16, 2021). The only facts alleged in the first amended complaint to support Defendants' intent is that Defendants opened six additional stores one to two years later and used Plaintiff's intellectual property without permission. (See Doc. No. 6, FAC ¶¶ 5, 82, 84, 86; see also Doc. No. 33 at 6 ("This misrepresentation is supported by the allegations that Defendants opened six additional stores using Plaintiff's intellectual properties without Plaintiff's

permission.").) But allegations of nonperformance alone are insufficient to support a claim for promissory fraud.  See Aton, 2021 WL 615048, at *10 ("'[E]vidence of fraudulent intent [consisting of only] nonperformance of an oral promise' is insufficient to support a finding of intentional misrepresentation."); UMG Recordings, 117 F. Supp. 3d at 1110 ("The only allegation in the complaint that might give rise to an inference that the promise was made with no intention of performing is the fact that plaintiffs allegedly did not honor it.  As noted, nonperformance alone will not support a finding of promissory fraud.").  As such, for the first theory of fraud, Plaintiff has also failed to adequately allege sufficient facts to support an inference that Defendants' purported promise was made with no intention of performing.[2]  See id.

Similarly, as to Plaintiff's second theory of fraud, the first amended complaint fails to contain sufficient factual allegations from which it can be inferred that Defendants had no intent to enter into licensing agreements for the six additional stores at the time they made the alleged promise at issue.  The only facts alleged in the first amended complaint to support Defendants' intent is that Defendants never ultimately entered into the additional licensing agreements.  These again are mere allegations of nonperformance, and they are insufficient to support a claim for promissory fraud.  See UMG Recordings, 117 F. Supp. 3d at 1109–10; Aton, 2021 WL 615048, at *9–10.  As such, Plaintiff's second theory of fraud is also defective and insufficiently pleaded.

---

[2]     Indeed, the first amended complaint not only contains insufficient facts to support an inference that Defendants' purported promise to enter into the additional licensing agreements was made with no intention of performing, the first amended complaint contains facts that support the opposite – that Defendants did intend to enter into the additional agreements.  For example, Plaintiff alleges around August 2022, Defendant attempted to rescind or terminate all "eight" licensing agreements. (Doc. No. 6, FAC ¶¶ 90-91.)  These factual allegations suggest that Defendants believed they had entered into the six additional licensing agreements, which would support an inference that they did intent to enter into those additional agreements when the promise at issue was made.

     Moreover, both theories of fraud fail to satisfy Rule 9(b)'s particularly requirements. Under Federal Rule of Civil Procedure 9, a plaintiff must provide "'the who, what, when, where, and how' of the" fraudulent conduct alleged. Vess, 317 F.3d at 1106. Plaintiff fails to provide these required details in the first amended complaint. For example, for either theory of fraud, Plaintiff fails to identify "who" specifically made the misrepresentation (false promise) at issue. In addition, Plaintiff fails to explain "when" and "where" the misrepresentations at issue were made.[3]

     In sum, Plaintiff has failed to adequately state a claim for fraud under California law against Defendants. As a result, the Court dismisses Plaintiff's claim for fraud. Because the defects in Plaintiff's claim for fraud can possibly cured by amendment of the pleadings, the Court will grant Plaintiff leave to amend. See Doe, 58 F.3d at 497 ("A district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

/ / /

/ / /

/ / /

---

[3]   In its briefing, Plaintiff contends that in cases of corporate fraud, a plaintiff cannot be expected to have personal knowledge of the facts constituting the wrongdoing. (Doc. No. 33 at 4 (citing Falco v. Nissan N. Am. Inc., 96 F. Supp. 3d 1053, 1062 (C.D. Cal. 2015)).) The Court disagrees here. Although that might be true in some cases, based on the allegations in the first amended complaint, Plaintiff engaged in arm's length negotiations with the Defendants. As such, Plaintiff should be expected to have a personal knowledge of the relevant facts (for example, who specifically made the statements at issue) and should be expected to provide those facts in the operative complaint.

## Conclusion

For the reasons above, the Court grants Defendants' partial motion to dismiss, and the Court dismisses Plaintiff's claim for fraud. The Court's dismissal of the fraud claim is without prejudice and with leave to amend. Plaintiff may file a second amended complaint within **thirty (30) days** from the date of this order to cure the deficiencies in the first amended complaint if it can do so.

**IT IS SO ORDERED.**

DATED: June 4, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT